# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**NORTH MISSISSIPPI SPINE CENTER, INC., ET AL .**                                   **PLAINTIFFS**

**V.**                                                        **CIVIL ACTION NO. 3:14-CV-98-SA-SAA**

**THOMAS L. WINDHAM, JR.**                                                          **DEFENDANT**

## ORDER OF TRANSFER

This cause comes before the court on Defendant Thomas Windham Jr.'s motion to transfer this action to bankruptcy court [34]. Upon due consideration of the motion, response, exhibits, and authority, the court finds that the motion is well taken and should be granted.

Plaintiffs initially filed this action in the Chancery Court of Lafayette County, Mississippi. After filing for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Mississippi on April 21, 2014, Plaintiffs removed to this court on May 7, 2014, asserting that the matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (O). In their notice of removal, Plaintiffs consented to the entry of a final order or judgment by the bankruptcy court.

Defendant Thomas Windham Jr. filed an answer agreeing that this matter is a core proceeding and likewise consenting to the entry of all final orders and judgments by the bankruptcy court. The Defendant has now moved to transfer this action to the bankruptcy court. This motion is unopposed by the Plaintiffs.

Pursuant to 28 U.S.C.A. § 157(a), "each district court may provide that any or all cases arising under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." Bankruptcy judges may hear and determine all core proceedings arising under title 11. 28 U.S.C.A. § 157(b)(2).

When a bankruptcy court is presented with non-core proceedings, the bankruptcy judge is limited in its authority and can only submit proposed findings of fact and conclusions of law to the district court. 28 U.S.C.A. § 157(c)(1). Though bankruptcy judges have statutory authority to render final judgments in non-core proceedings when all parties consent pursuant to 28 U.S.C.A. § 157(c)(2), they do not have constitutional authority. *See* S*tern v. Marshall*, 131 S. Ct. 2594, 80 L. Ed. 2d 475 (2011); *In re BP RE, L.P.*, 735 F.3d 279 (5th Cir. 2013). Furthermore, even when a party initially consents to a bankruptcy court's authority to issue final judgments, if that party later withdraws consent prior to the issuance of a final judgment, the bankruptcy court no longer has statutory authority to issue final orders in non-core proceedings. *See Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

This Court finds that Defendant's unopposed motion to transfer should be granted. If the bankruptcy court determines that some of Plaintiff's claims are non-core, it may submit its proposed findings of fact and conclusions of law to this court, and this court will subsequently enter final judgment on those claims. See 28 U.S.C. § 157(c)(1).

It is, therefore, ORDERED that Defendant's unopposed motion to transfer to bankruptcy court is hereby GRANTED, and this case is TRANSFERRED to the United States Bankruptcy Court for the Northern District of Mississippi.

**SO ORDERED on this, the 15th day of September, 2015.**

/s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**